GILPIN, Respondent, vs. MATCHETT, imp., Appellant.

*April 10—April 29, 1913.*

*Fraudulent conveyances: Intent: Knowledge of vendee: Evidence: Conditional sale.*

1. The question being whether a sale of personal property to defendant was void under sec. 2320, Stats., because made with intent to defraud the plaintiff, evidence of statements made by the vendor before the transfer, tending to prove a fraudulent intent on his part, was admissible for that purpose, although the statements were not made in defendant's presence.
2. Findings by the jury in such case that at the time he bought the property defendant had notice of the vendor's fraudulent intent and also of an unfiled contract for the sale of the property by plaintiff to said vendor by the terms of which the title was to remain in the plaintiff, are *held* to be supported by the evidence.
3. Actual knowledge on defendant's part of his vendor's fraudulent intent or of plaintiff's title need not be shown in such a case, it being sufficient to show that he had knowledge which should have put him upon inquiry and that such inquiry would have led to discovery of the facts.

APPEAL from a judgment of the circuit court for Trempealeau county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This is an action for the conversion of a weekly newspaper printing plant at Osseo, Wisconsin, consisting of type, presses, a typesetting machine, etc., alleged to be worth $3,000. The property was sold and possession thereof delivered April 27, 1911, by the plaintiff to one Carpenter, and a conditional contract of sale executed, by the terms of which plaintiff agreed to transfer the property by bill of sale to Carpenter or his assigns upon payment of $3,500 as follows: $500 down, and $500 on the 1st of January of each year, beginning with 1912, until the full sum of $3,500 was paid; and in case of default in any payment the contract was to be deemed terminated and the plaintiff to have the right of immediate possession of the property. This contract was never filed with the

village clerk, as required by sec. 2317, Stats.   Carpenter made the cash payment of $500, and paid $120 interest January 4, 1912, but made no further payments.   On the 27th day of January, 1912, Carpenter sold the property to the defendant *Matchett* for $1,500, of which $500 was paid down and two notes given for the balance.   *Matchett* took possession on the same day and claims to own the same.

The jury, by special verdict, found as facts (1) that the sale from Carpenter to *Matchett* was made with intent on Carpenter's part to hinder, delay, and defraud the plaintiff; (2) that *Matchett* had notice of such intent when he purchased; (3) that *Matchett* had notice of the plaintiff's contract when he purchased; (4) that the reasonable value of the property January 27, 1912, was $2,100.   The circuit court ordered a new trial unless the plaintiff remitted all damages in excess of $1,750.   Such remission having been made, judgment for that sum and costs was rendered, and the defendant appeals.

*S. G. Gilman,* for the appellant.

For the respondent there was a brief by *Linderman & Jedney,* and oral argument by *G. O. Linderman.*

Winslow, C. J.   The plaintiff claimed that *Matchett,* at the time of his purchase, had notice of the existence of the contract reserving title in the plaintiff, and also claimed that Carpenter's purpose in making the sale to *Matchett* was to defraud the plaintiff, and that *Matchett* had knowledge of such purpose.   In either case the defendant's title to the goods was invalid as to the plaintiff.   Secs. 2317, 2320, Stats.

The jury found that both claims had been established by the evidence.   If these results were reached without prejudicial error the judgment must stand.   We have found no such errors.   It is claimed that it was error to receive evidence of certain statements made by Carpenter before the transfer to *Matchett* which tended to prove a fraudulent in-

tent on Carpenter's part but which were not made in the presence of *Matchett*. These statements were admitted by the trial court solely for the purpose of proving Carpenter's fraudulent intent, and the ruling was clearly right. It was necessary to prove both that Carpenter intended to defraud, and that *Matchett* knew of that intent, or knew facts which should have put him on inquiry and would have led him to knowledge of such intent. It may not be possible to prove both facts by the same evidence, but that does not render inadmissible evidence which tends to prove but one of them, especially where, as here, the jury are told the sole purpose for which the testimony is admitted.

It is said that the findings that *Matchett* had notice of the existence of the plaintiff's contract and of the fraudulent intent of Carpenter are unsupported by the evidence. It is true that there was no direct proof of such notice or knowledge, but there was considerable evidence showing that the transaction was quite extraordinary in its features. Carpenter met *Matchett* on the street at about 4 o'clock in the afternoon of January 26th, and asked him to buy the outfit. *Matchett* declined. That night *Matchett* examined the records in the office of the village clerk, and the next morning went to the printing office, looked the property over a few minutes, and offered $1,200 for the plant and $300 for the subscription list and accounts, without having any accurate knowledge of the value or amount of either. In two hours the offer was accepted, the $500 cash payment was rather ostentatiously made in the presence of a number of witnesses, and possession delivered, and before a complete list of property could be inserted in the bill of sale Carpenter signed it in its incomplete state and left town. *Matchett* was sixty-six years of age at the time and had never had active management of a newspaper before. It is not necessary to say that the evidence shows that he had any affirmative desire or intention to defraud anybody,—it is sufficient to say that the

extraordinary haste exhibited by Carpenter in the matter was entirely sufficient to put *Matchett* upon inquiry, and that such inquiry would unquestionably have led to discovery of the facts, for he was told by one of the witnesses to the bill of sale that the property probably did not belong to Carpenter.

There was sufficient evidence, therefore, to justify both the second and third findings of the jury. There is no claim of error in the charge, hence the judgment must be affirmed.

*By the Court.*—Judgment affirmed.